IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PRENTIS RUPERT
and DERRICK BOGAN                                                                PLAINTIFFS

V.                         CASE NO. 3:14-CV-161 JM/BD

LARRY MILLS
and BECKY HITT                                                                    DEFENDANTS

## INITIAL ORDER FOR PRO SE PRISONER-PLAINTIFFS

Prentis Rupert, for himself and on behalf of Derrick Bogan, has filed this federal civil rights lawsuit pro se, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Copies of rules can be found in the jail library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs, like you, who are not represented by a lawyer:

1. You must promptly notify the Clerk and the other parties in the case of any change in address. You must inform the court if you are transferred from one unit to another. Notifying the court of your change in address is especially important if you are released from custody while your lawsuit is pending. If you do not keep the court informed as to your current address, your lawsuit can be dismissed.
2. You must monitor the progress of your case and prosecute the case diligently.
3. You must sign all pleadings and other papers filed with the court, and each paper you file must include your current address.

    4.    If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed, without prejudice.

**Second: Pay the Filing Fee.**  Every civil case filed by a prisoner – including this one – requires each plaintiff to pay a filing fee either at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply to proceed *in forma pauperis* ("IFP").  Although you have filed an application to proceed IFP, you have not submitted all necessary documents.  **Your IFP motion (docket entry #1), therefore, is DENIED**.

In addition, you seek to proceed on behalf of yourself, as well as another inmate, Derrick Bogan.  Mr. Bogan must also either submit a complete IFP application or pay the statutory filing fee to proceed with this lawsuit.

The Clerk of Court is directed to enclose <u>two</u> IFP applications along with a copy of this order.  **<u>Each Plaintiff must return a completed IFP application, including an accompanying affidavit and jail account information sheet, or pay a $400.00 filing fee within thirty (30) days of the date of this order.  Otherwise, he risks having his claims dismissed.</u>**

**Third: No Right to Appointed Counsel.**  This is a civil case.  Unlike criminal cases, there is no right to have an appointed lawyer in a civil case.  If your case proceeds to a jury trial, however, a lawyer will be appointed to assist you before trial.

**Fourth: Do Not File Your Discovery Requests.**  Discovery requests, such as interrogatories and requests for documents, are not to be filed with the court.  Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer).  No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Fifth: Do Not Send Documents to Court Except in Two Situations.**  You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Sixth: Provide a Witness List.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will subpoena necessary witnesses.

IT IS SO ORDERED, this 27th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE